**IT IS ORDERED as set forth below:**



**Date: June 24, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HENRY C. HARDIN, III, | ) | CASE NO. 18-70395–LRC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| AWP HOLDING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. 19-05150 |
| | ) | |
| HENRY C. HARDIN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AWP Holding Company, Inc. ("Plaintiff") has filed a complaint against Henry C. Hardin, III ("Defendant"), seeking a determination that certain debts allegedly owed by

Defendant to Plaintiff are nondischargeable under §§ 523(a)(2)(A) and (a)(6). Defendant seeks dismissal of the Complaint on the basis that it is time barred. *See* Defendant's *Motion to Dismiss* (Doc. 6) (the "Motion to Dismiss"). Plaintiff opposes dismissal and has filed a *Motion for Extension of Time to Allow Acceptance of Adversary Proceeding* (Doc. 8) (the "Motion for Extension"), which Defendant opposes. The Court has subject matter jurisdiction over this core proceeding. *See* 28 U.S.C. §§ 1334, 151, 157(b)(2)(I).

## PROCEDURAL HISTORY AND FACTS

On December 4, 2018, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the case underlying this proceeding, Case No. 18-70395–LRC (the "Bankruptcy Case"). The first meeting of creditors was scheduled for January 8, 2019. Case No. 18-70395, Doc. No. 4. Pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure, the deadline for filing a complaint to determine the dischargeability of a debt pursuant to §§ 523(a)(2) and (a)(6) was sixty days from the first date set for the meeting of creditors—March 11, 2019 (the "Rule 4007 Deadline"). On March 15, 2019, Plaintiff filed a complaint seeking a declaration that certain debts are nondischargeable under §§ 523(a)(2)(A) and (a)(6) (the "Complaint").

On March 19, 2019, Plaintiff filed the Motion for Extension, acknowledging that the Complaint was filed late, but asserting that this Court can and should apply an equitable exception to the Rule 4007 Deadline. According to the Motion for Extension, Plaintiff's counsel received an electronic notice from the Court on January 14, 2019, stating that the meeting of creditors had been held and concluded. "Believing that the

2

Meeting of Creditors had been held and concluded on the date that he received the notice, counsel understood the deadline to file a complaint to be March 15, 2019, and [Plaintiff] filed its complaint on that date."

Defendant opposes the Motion for Extension and seeks dismissal of the Complaint for having been filed after the expiration of Rule 4007 Deadline.

## CONCLUSIONS OF LAW

A. *Motion to Dismiss*

Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure ("Rule") 7012(b), provides that a defendant may assert by motion that a complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted). "A claim is not facially plausible if it is not timely filed and the [defendant] timely raises that defense." *In re Withrow*, 570 B.R. 452, 455 (Bankr. N.D. Ga. 2017) (Bonapfel, J.).

B.  *Rule 4007*

Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c) (that is, under § 523(a)(2), (a)(4), or (a)(6)) must be filed no later than sixty days after the first date set for the meeting of creditors.  Fed. R. Bankr. P. 4007(c).  The Court may extend this deadline only upon a motion filed prior to the expiration of the deadline, and even a finding of excusable neglect will not allow the Court to extend the deadline after it has expired.  *Id.*; *Withrow,* 570 B.R. 456 ("The Eleventh Circuit has consistently concluded that a motion to extend the time for filing a dischargeability complaint under Rule 4007(c) must be made before the expiration of the deadline because the 'dictates of the Code and Rules are clear.'" *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988)); *In re Mendenhall*, 572 F. App'x 858, 862 (11th Cir. 2014) ("Rule 9006(b)(3) makes clear that the general authority granted in Rule 9006(b)(1) is inapplicable for the purpose of filing a complaint under Rule 4007(c) and that Rules 4007(c) and 9006(b)(3) instead govern timing.").

The facts of this case clearly demonstrate that the Complaint was filed late and is due to be dismissed.  To the extent Plaintiff argues that the Court should exercise its equitable powers to waive the requirement of Rule 4007, the Court concludes that, even if the Court has such authority, no grounds exist to do so.

First, the Court has no authority to extend the Rule 4007 Deadline due to Plaintiff's counsel's mistake, even if the Court determined that the mistake was the result of excusable neglect.  Under these facts, waiving the deadline would be the equivalent of

4

granting an extension of the deadline after its expiration and would "risk undermining the strict time limitations imposed by Rule 4007(c)." *Mendenhall*, 572 F. App'x at 863.

Second, as noted by the court in *Withrow,* the scope of any equitable exception to the application of Rule 4007 is an "open question in the Eleventh Circuit." *Withrow,* 570 B.R. at 458. The United States Supreme Court has clarified in *Kontrick v. Ryan*, 540 U.S. 443 (2004), that the Rule 4007 Deadline is not jurisdictional and can be waived by the defendant's failure to raise it as a defense. Nonetheless, in all three post-*Kontrick* Eleventh Circuit cases to consider the question of an equitable exception, "the Eleventh Circuit first considered and rejected the merits of the creditor's equity argument and, therefore, did not reach the legal issue of whether Rule 4007's filing deadline was subject to equitable tolling." *Withrow*, B.R. at 458. As aptly noted by Judge Bonapfel, if equitable exceptions exist, "the bar is exceedingly high to invoke the Court's equitable powers." *Id*. at 459.

Instances that have swayed courts to exercise equitable powers have generally included errors made by the clerk's office or affirmative misconduct by the debtor that misled the creditor to miss the deadline, and other circumstances in which the failure to act by the deadline was due to circumstances beyond the creditor's control. *Id*. at 458. Contrary to Plaintiff's argument, counsel's mistake as to the deadline is not sufficient to justify an equitable exception simply because Plaintiff perceives no prejudice to Defendant from the fact that the Complaint was filed four days late. *See, e.g., In re Harper*, 489 B.R. 251 (Bankr. N.D. Ga. 2013) (Drake, J.) (finding cause to dismiss late

5

filed complaint even where plaintiff urged the court "to recognize that the filing was a mere two minutes and forty-four seconds late and that no unfair prejudice will be attributed to the Debtor"); *In re Pendergrass*, 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007) ("The result may seem harsh where the filing is but a single day late, but as the Supreme Court has noted on more than one occasion, to hold otherwise is to tread down the quintessential slippery slope.").

Plaintiff failed to file the Complaint on time because Plaintiff's counsel simply erred in interpreting Rule 4007. The Rule 4007 Deadline is sixty days from the *first date set* for the meeting of creditors, not the date upon which the meeting is held and concluded. *See In re Miller*, 228 B.R. 399, 401 (B.A.P. 6th Cir. 1999). Even if the meeting of creditors had been rescheduled and held and concluded on January 14, 2019, as Plaintiff's counsel mistakenly believed, the Rule 4007 Deadline would have remained sixty days from January 8, 2019—March 11, 2019—not January 14, 2019. Fed. R. Bankr. P. 4007(c). Errors like this do not justify making an equitable exception. *See In re Pendergrass*, 376 B.R. 473, 479 (Bankr. E.D. Pa. 2007) ("Mere attorney error does not fall within any of the legal theories discussed above," and "the Supreme Court has expressly rejected such an excuse in the context of other claim processing rules.").

Accordingly, assuming without deciding that the Court has the equitable power to waive the Rule 4007 Deadline, the Court declines to exercise such power to permit the late filing of the Complaint, and the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Motion is *GRANTED;*

IT IS FURTHER ORDERED that the Complaint is dismissed for failure to state a claim.

## END OF DOCUMENT

**Distribution List**

AWP Holding Company, Inc.
4244 Mount Pleasant Streeet NW
North Canton, OH 44720

Jessie C. Fontenot, Jr.
Strauch Green & Mistretta, PC
154 Dornach Way
Bermuda Run, NC 27006

Stanley Boyd Green
Strauch Green & Mistretta, PC
Suite F
911 Paverstone Drive
Raleigh, NC 27615

Henry C. Hardin, III
3245 Town Manor Circle
Dacula, GA 30019

Leslie M. Pineyro
Jones and Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309